BLD-165                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4589
_____

GREGG L. SMITH, JR.,
                                    Appellant

v.

LUZERNE COUNTY WILKES BARRE POLICE DEPARTMENT;
OFFICER MORRIS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:12-cv-01204)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 21, 2013

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 10, 2013)
_____

OPINION
_____

PER CURIAM

    Pro Se Appellant Gregg L. Smith, Jr., appeals the dismissal of his complaint under

28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  For the reasons set forth below,

we will summarily affirm in part, vacate in part, and remand for further proceedings.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

On June 25, 2012, Smith filed a complaint against the "Luzerne County Wilkes Barre Police Department" and Officer Morris alleging that Officer Morris conducted an illegal search of Smith while he was at the corner of Prospect and Grove Streets.  Smith alleged that Officer Morris searched him for no reason and took his ID from him.  This was one of five civil rights actions filed by Smith.  On October 26, 2012, a Magistrate filed a report and recommendation in which he recommended that all five civil rights actions filed by Smith be dismissed pursuant to 28 U.S.C. § 1915 for failure to state a claim.  In the report, the Magistrate explained that Smith failed to state a claim for municipal liability and that the police department was not an appropriate defendant in a § 1983 action.  The Magistrate's report did not specifically address Smith's claims against Officer Morris, but stated that overall, Smith failed to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and that he failed to identify the constitutional right in question in each of his complaints.  On November 30, 2012, the District Court adopted the Magistrate's report and recommendation and dismissed Smith's complaints with prejudice.  Smith then timely filed this appeal.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

## III.

We agree with the District Court that Smith's complaint fails to state a claim against the "Luzerne County Wilkes Barre Police Department" under § 1983. Municipal liability under § 1983 only arises if the plaintiff demonstrates that "'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-91 (1978)). A municipal policy encompasses a "statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Brown v. Muhlenberg Twp., 269 F.3d 205, 215 (3d Cir. 2001) (quoting Monell, 436 U.S. at 690). A custom, on the other hand, need not have received formal approval through official decision-making channels, but it "must have the force of law by virtue of the persistent practices" of municipal officials. Id. (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167 (1970)). Furthermore, a municipality cannot be constitutionally liable under the doctrine of respondeat superior. See City of Canton v. Harris, 489 U.S. 378, 385 (1989). Here, Smith has made no allegations regarding Luzerne County's or the police department's policies or customs. Therefore, his § 1983 claims against the "Luzerne County Wilkes Barre Police Department" fail.

3

IV.

We do not agree with the District Court that Smith's complaint failed to state a claim against Officer Morris. The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See Allah, 229 F.3d at 223. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court affirms a district court's dismissal for failure to state a claim "only if, accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009).

In light of the liberal construction we must give to pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we cannot agree that Smith's complaint against Officer Morris fails to state a claim upon which relief can be granted. A § 1983 claim has two essential elements: (1) the conduct complained of must be "committed by a person acting under color of state law"; and (2) this conduct must "deprive[] a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (internal quotation marks omitted). Here, Smith's complaint states "sufficient factual matter" to support the

4

plausibility of his § 1983 claim. <u>Iqbal</u>, 556 U.S. at 678. Specifically, Smith's complaint alleges the following:

> On 6-7-12 Office Morris of the plolice (sic) dept elegaly (sic) searched (sic) me at Prospect St. an Grove at the corner wile (sic) I was talking on the phone with the mother of my children. He asked me for my ID an (sic) ran my name. Everything with my name was ok. Then 3 officers were there an officer Morris sherched (sic) me for no reason as well called me out for my name crake (sic) head, crack baby, drug dealer, went through my wallet an (sic) asked me, "how I got money," as well as were (sic) do I live. I came to find out he took my ID after. I tried to retrieve it an (sic) he said it at PennDot.

These allegations are "short and plain statement[s] of the claim showing that the pleader is entitled to relief," as required by Rule 8 of the Federal Rules of Civil Procedure. Affording Smith the leeway due pro se litigants, we read his complaint as alleging that Officer Morris, a state actor, deprived him of his right, among others, to be secure against unreasonable searches, as set forth in the Fourth Amendment of the United States Constitution, by stopping and searching him without justification. While we express no view as to the merits of Smith's claims against Officer Morris, we conclude that the District Court erred by dismissing Smith's complaint against Officer Morris for failure to state a claim.

V.

For the foregoing reasons, we will summarily affirm in part and vacate in part the District Court's order dismissing Smith's complaint and remand for further proceedings consistent with this opinion. <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.